# STATE v. MARGARET A. McCORMICK. [1]

December 20, 1912.

Nos. 17,981—(262).

**Municipal ordinance unreasonable.**

> An ordinance of the city of Minneapolis, designed to prevent the spreading of fires and to protect human life, which singles out the "two-story frame building," and enacts that it shall be unlawful for the owner thereof to furnish or lease the third or attic floor to a person or group of persons living independently of those occupying the lower floors, is *held* discriminatory, unreasonable, and void, since it does not include other buildings equally exposed to danger of fire, such as "the three-story frame building," or the brick or concrete two-story buildings, not of fireproof construction.

From a judgment of the municipal court of Minneapolis, Leary, J., convicting her of the violation of an ordinance of the city of Minneapolis, defendant appealed. Reversed.

*Mead & Bryngelson,* for appellant.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

BROWN, J.

Defendant was convicted of the violation of an ordinance of the city of Minneapolis, and appealed from the judgment rendered against her.

The facts are as follows: Defendant erected and was the owner of a two-story frame residence building, situated on West Lake street, and in the construction of the same completed and furnished the attic or third floor for occupancy by tenants, practically the same as the floors below were completed and furnished, making two complete flats on each of the three floors suitable for occupancy by separate families. She subsequently leased one of the third-floor flats to a family having no relation to and living independently of the occupants of the floors

[1] Reported in 138 N. W. 1032.
    120 M.—7.

below. This the city contends constituted a violation of a provision of its building ordinance which prohibits the constructing or occupancy of the third floor of such a building in the manner and under the circumstances stated. The ordinance, in so far as here material, provides:

"It shall be unlawful to build, furnish, or occupy any room or group of rooms above the second story of any two-story frame building as the home for any family or group of persons living independently of the families on the first or second floors of such building."

The validity of this clause of the ordinance is challenged by defendant, and the soundness of her contention in this respect presents the only question for our consideration. The state seeks to sustain the ordinance as police regulation designed in a measure to prevent fires and conflagrations, and to lessen the danger to human life in the case of the burning of dwellings in which several families dwell. The state refers to certain provisions of the city charter under which it is claimed the ordinance was properly enacted. Those provisions are as follows:

"To regulate the location and construction of smokehouses * * * and to make any other provisions to guard against fire, or to prevent the spreading of fires which the city council may deem proper," and

"Also to require such owner or lessee to construct, provide and furnish each and every other thing, and to do each and every other act which it may think necessary or advisable to lessen danger to human life in case of fire or accident."

It may be conceded, without stopping to consider or decide the question, that the provisions of the charter quoted confer ample authority upon the city council, within reasonable limits, to enact such ordinances and regulations, having for their purpose the prevention of fires, and the protection of human life, as the members of that body may deem necessary. But it is clear that it does not authorize a discrimination between buildings which are equally exposed to the danger sought to be guarded against.

The ordinance in question singles out the "two-story frame

building," and declares that in a building of that character the third or attic floor shall not be furnished for the habitation of persons living independently of those on the floors below, leaving all other buildings, erected for the same purpose and equally susceptible to fire, immune and free from the operation of the law. No reason is suggested to support the theory that the "two-story frame building" is exposed to dangers peculiar to that type of residence buildings, or to differentiate it from the "three-story frame building," or the ordinary brick or concrete structure, not of fireproof construction, the interior finish of which is composed of wooden material. All are equally exposed to the danger of fire. The reason for the attempted regulation applies to each. The result, if the ordinance be sustained, will be to exempt from its operation the latter class of buildings with no basis for the distinction.

It must be held, therefore, that the ordinance—that is, the particular provision here in question—is void as class legislation, an unwarranted discrimination, and unreasonable and void.

Judgment reversed.