DEVEREAUX *v.* TOWNSHIP BOARD OF GENESEE TOWNSHIP.

1. INJUNCTION—MUNICIPAL CORPORATIONS—TOWNSHIPS—PARTIES— LICENSES—DANCE HALLS.

The township board of the township in which plaintiff's dance hall was located was a proper defendant to proceedings begun for the purpose of enjoining, on the ground of its unconstitutionality, the enforcement of Act No. 97, Pub. Acts 1919, providing for the issuing of permits by the township board for the conducting of pool rooms, dance halls, etc., where plaintiff had been notified by the peace officers of the county that he would be subjected to arrest if he operated without a permit.

2. CONSTITUTIONAL LAW—LICENSES—ARBITRARY POWER.
    The attempt to confer upon the township board the arbitrary
        power to grant or refuse a license, according to its whim
        or caprice, to conduct pool rooms, dance halls, etc., by
        Act No. 97, Pub. Acts 1919, renders said act unconstitu-
        tional and void.

3. INJUNCTION—EQUITY—JURISDICTION—CONSTITUTIONAL LAW.
    Equity has jurisdiction to restrain the enforcement of an
        unconstitutional statute providing for the licensing of pool
        rooms, dance halls, etc.

Appeal from Genesee; Brennan (Fred W.), J.  Sub-
mitted April 7, 1920.  (Docket No. 6.)  Decided June
7, 1920.

Bill by Orson R. Devereaux against the township
board of Genesee township and others to enjoin the
enforcement of Act No. 97, Pub. Acts 1919.  From a
decree for plaintiff, defendants appeal.  Affirmed.

*James S. Parker* and *Clay W. Wilber*, for plaintiff.

*Roy E. Brownell*, Prosecuting Attorney, and *Harry
G. Gault*, Assistant Prosecuting Attorney, for defend-
ants.

BROOKE, J.  The bill filed in this case brings into
question the validity of Act No. 97 of the Public Acts
of 1919, which follows:

"An act to provide for the issuing of permits by the
township board for the conducting of public billiard
and pool rooms, dance halls, bowling alleys and soft
drink emporiums outside of incorporated cities and
villages.
"*The People of the State of Michigan enact:*
"SECTION 1. No public billiard or pool room, public
dance hall, bowling alley or soft drink emporium shall
be operated in any place in this State outside of an in-
corporated city or village, without first obtaining an
annual permit therefor from the township board of
the township wherein such billiard or pool room, dance

hall, bowling alley or soft drink emporium is situated.

"Sec. 2. The township board shall have the right to revoke any license once granted, or any annual renewal thereof, when it appears to their satisfaction that any billiard or pool room, dance hall, bowling alley, or soft drink emporium is being conducted in such manner as to be inimicable to public morals.

"Sec. 3. For the purposes of this act, billiard and pool rooms, dance halls, bowling alleys and soft drink emporiums shall be defined as those establishments whose principal business is the sale of the commodities indicated or use of the facilities furnished for the aforesaid purposes.

"Sec. 4. Any person or persons operating or attempting to operate any such billiard or pool room, public dance hall or bowling alley without the permit herein provided for shall be deemed guilty of a misdemeanor, and upon conviction, shall be punished by a fine of not to exceed one hundred dollars or by imprisonment in the county jail for not to exceed three months or by both such fine and imprisonment in the discretion of the court.

"Sec. 5. The provisions of this act shall not apply to any fraternal, religious, or other organization which maintains billiard or pool tables, a dance hall, bowling alley or soft drink emporium for the use of its members as merely incidental to its principal activities.

"Sec. 6. All acts and parts of acts inconsistent herewith are hereby repealed."

It is averred in the bill that the plaintiff, on the 27th day of August, 1919, purchased a lot upon which a dance hall and soft drink parlor was erected, located in the township of Genesee, county of Genesee, this State, lying just outside the corporate limits of the city of Flint, the purchase price being $6,000; that he went into possession of said premises intending to operate the same as a dance hall and soft drink parlor, but was notified by the peace officers of Genesee county that if he attempted to operate said business without a permit, under the act in question he would be subjected to arrest. It is further averred that he made

written application to the township board of the township of Genesee for a license under said act but was notified by them that they had decided not to license any dance halls or soft drink establishments in their township outside of the limits of incorporated cities or villages. It is further averred that the enforcement of said act and the refusal of said board, arbitrarily, to license plaintiff renders his property valueless for any purpose and practically amounts to confiscation thereof, and that oppressive criminal prosecution would be instituted if plaintiff continued to operate said business.

Plaintiff prayed for a temporary and permanent injunction against the township board and the peace officers of the county, restraining them from enforcing the provisions of said act. To the bill so filed the defendants interposed a motion to dismiss in the nature of a demurrer, based upon three grounds—

*First.* That the bill does not state a case for equitable jurisdiction;

*Second.* That the township board cannot be compelled, by a mandatory injunction, to issue a permit to petitioner, because mandamus is the adequate and proper legal remedy;

*Third.* Because the act referred to in said bill is not unconstitutional.

The motion was argued and a decree entered by the learned circuit judge, permanently restraining the enforcement of the act upon the ground of its unconstitutionality.

The first proposition argued by counsel for appellants is that even if it be said that the statute is unconstitutional and void, the township board was not a proper defendant to the proceedings begun for the purpose of obtaining a mandatory injunction, and, therefore, that the motion to dismiss on the part of the township board should have been allowed. Even

if this contention is sound, it seems to us unimportant; but an examination of the prayer of the bill indicates that no mandatory injunction was sought against the township board, but an order was prayed restraining by injunction the board and the peace officers "from enforcing in any manner the void statute heretofore specifically referred to."

It is next urged on behalf of defendants that it is very important that there be some authority in territory outside of incorporated cities and villages for control over such meeting places as billiard and pool rooms, dance halls, bowling alleys and soft drink emporiums. This proposition may well be admitted, but it does not answer the specific objections made to the act in question.

Counsel for appellants further say:

"It will be noted that section 2 gives the township board:

"'the right to revoke any license once granted or any renewal thereof when it appears to their satisfaction that any billiard or pool room, dance hall, bowling alley or soft drink emporium is being conducted in a manner as to be inimicable to public morals.'

"It is from this section that we must gather the intent of the act. If this section had been made to read that—

"'the township board shall have the right *to refuse to grant a permit when first applied for and* to revoke any license once granted or any annual renewal thereof, when it appears to their satisfaction that any billiard or pool room, dance hall, bowling alley or soft drink emporium *will be conducted, or* is being conducted in such manner as to be inimicable to public morals,'

"the validity of the statute could not be questioned as regards arbitrary power being placed in the hands of the township board. The question is, then, Can the matter above, inserted in this section 2, be said to be impliedly a part of it? If it is impliedly a part of section 2, then the statute has the same force and effect as if section 2 had originally read as it is believed the legislature intended it to read."

And it is urged that under the well known principle that every intendment is to be taken in favor of the constitutionality of legislation, we should, by construction, bring the act in question into harmony with the Constitution so that the legislative intent may be carried out. We find ourselves unable to agree with this contention. The statute in question provides no method for the application for licenses, contains no qualifications which the applicant must possess, provides no standard of fitness, makes no provisions as to the character of the structure or equipment to be used in the business regulated. It, in fact, attempts to confer upon the township board the arbitrary power to grant or refuse a license, according to its whim or caprice. Under all the authorities, we think this cannot be done. *Robison* v. *Miner,* 68 Mich. 549; *Yick Wo* v. *Hopkins,* 118 U. S. 356 (6 Sup. Ct. Rep. 1064) ; *Mayor, etc., of Baltimore* v. *Radecke,* 49 Md. 217; *Grundling* v. *City of Chicago,* 177 U. S. 183 (20 Sup. Ct. Rep. 633) ; *Darling* v. *City of St. Paul,* 19 Minn. 389. An interesting case passing upon and upholding a dance hall ordinance in the State of Wisconsin is *Mehlos* v. *City of Milwaukee,* 156 Wis. 591 (146 N. W. 882, 51 L. R. A. [N. S.] 1009, Ann. Cas. 1915C, 1102). A comparison of the statute there considered with the act here in question will at once serve to distinguish the two cases.

We are of the opinion that equity has jurisdiction under the following authorities: *Michigan Salt Works* v. *Baird,* 173 Mich. 655; *State* v. *Cunningham,* 81 Wis. 440 (51 N. W. 724, 15 L. R. A. 561) ; *Kerr* v. *Trego,* 47 Pa. St. 295; 22 Cyc. p. 884. See, also, as to chancery jurisdiction, *Andrews* v. *Auer,* 177 Mich. 244.

The decree is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.