## POSTAL v. VILLAGE OF GROSSE POINTE.

1. MUNICIPAL CORPORATIONS—ORDINANCE MAY NOT CONFER ARBITRARY POWER UPON OFFICIALS.

   Arbitrary power may not be conferred upon public officials by ordinance.

2. SAME — ORDINANCE CONFERRING ARBITRARY POWER TO ISSUE LICENSES VOID.

   A village ordinance regulating public places for eating, drinking, and entertainment, and providing for the issuance of licenses for the operation of such places, which provided that the council might refuse to issue a license "for good and satisfactory reasons," without providing any standard or other means of determining the fitness of applicants for a license thereunder, is void as conferring arbitrary power upon the council.

3. INJUNCTION—EQUITY—ENFORCEMENT OF VOID ORDINANCE MAY BE ENJOINED.

   Courts of equity have jurisdiction to enjoin the enforcement of a void ordinance.

4. COSTS—APPELLEE FILING No BRIEF NOT ALLOWED COSTS.

   Where no brief was filed on behalf of appellee, no costs will be allowed, although the decree is affirmed.

---

[1]Municipal Corporations, 43 C. J. §§ 229, 411; [2]Id., 43 C. J. § 229; [3]Injunctions, 32 C. J. § 415; [4]Costs, 15 C. J. § 598.

Appeal from Wayne; Gilbert (Parm C.), J., presiding.   Submitted April 5, 1927.   (Docket No. 9.) Decided June 6, 1927.

Bill by Charles L. Postal against the village of Grosse Pointe and others to enjoin the enforcement of an ordinance.   From a decree for plaintiff, defendants appeal.   Affirmed.

*Beaumont, Smith & Harris,* for appellants.

Sharpe, C. J.   Plaintiff here seeks to enjoin the enforcement of the ordinance of the defendant village set forth in full in the margin.[1]   Under section 7 the

[1] The village of Grosse Pointe ordains:   In regard to the regulation of public places for eating, drinking and entertainment:

1. No person, persons, firm or corporation shall hereafter keep, maintain, open, have or operate in the village of Grosse Pointe, any public place for eating, drinking or entertainment without a license therefor from the village council, except that no license shall be required for any such place temporarily operated for charitable or local school, religious or social benefit purposes only.

2. Application for such license shall be made to the village council each year by every person, firm or corporation now or hereafter keeping, maintaining, having or operating any such place or intending so to do, and if such application be granted, the village clerk shall issue such license upon the applicant paying to the village treasurer the sum of fifty dollars ($50) as a license fee and upon executing and delivering a bond to the village of Grosse Pointe in the penal sum of one hundred dollars ($100) with one or more sufficient sureties to be approved by the village clerk conditioned that such applicant shall faithfully observe and comply with the provisions of the charter and all ordinances of the village of Grosse Pointe; provided, however, that no such license shall be issued to any person, firm or corporation not a resident of the village of Grosse Pointe.   Such license shall not be transferrable and no licensed place shall be operated by any person other than the licensee.

3. Such license shall be issued as of January first of the year it is issued, and shall expire and be invalid on the following December thirty-first unless previously cancelled as herein pro-

council may refuse to issue a license "for good and satisfactory reasons." The reason assigned, however, must be such that an issue of fact or of law, reviewable in a court, may be made upon it. As was said by the trial court, the ordinance—

"does not contain within itself any standard or other means of determining in what manner the village council shall act or what things it may consider in determining whether there is good and satisfactory reason to refuse a license."

Applying the language of Mr. Justice STEERE in *Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564, 571 (33 A. L. R. 142):

vided. Application for a new license shall be made, the license fee paid and the bond given annually. The village council reserves full power to pro-rate any license fee for a portion of the year, where the payment of the full license fee is deemed unjust.

4. Public places for eating, drinking or entertainment, herein required to be licensed, are hereby declared to include any and all buildings or open places kept, maintained or operated for the sale of food or drinks or the furnishing of, or the means of entertainment of the public or any combination of such purposes and the entire premises on which such building or place is located. The word "entertainment" as herein used is hereby declared to include music, singing, dancing, vaudeville and any other performance furnished to or participated in by any persons in such place at the time; any form of cabaret furnished by the person, firm or corporation maintaining or operating such place; and dancing by any persons who are in such place.

5. No license under this ordinance shall permit, nor shall there be in any such place, any violation of any law of the State of Michigan or the charter or any ordinance of this village; nor any disorderly conduct; nor the use of any immoral, profane or indecent language; nor any gaming or gambling in any form; nor the use, sale, giving away or drinking of any intoxicating or anaesthetic liquors or beverages of any kind or any drugs; nor the presence of any thief or prostitute or intoxicated person, or persons under the influence of any intoxicating or anaesthetic liquor or beverage or drug, or any other disorderly person.

6. No licensee shall permit, nor shall any such places be kept open, or conduct any business nor shall any such entertainment

"No method of application, nor qualifications or standard of fitness for guidance of the licensing board are provided, by meeting which the applicant would be of right entitled to a license."

An arbitrary power may not be conferred upon public officials by ordinance.   *Devereaux* v. *Genesee Township Board,* 211 Mich. 38.   Of the act considered in that case it was said:

"It, in fact, attempts to confer upon the township board the arbitrary power to grant or refuse a license, according to its whim or caprice.   Under all the authorities, we think this cannot be done."

See, also, *Samuels* v. *Couzens,* 222 Mich. 604; *Harrigan & Reid Co.* v. *Burton, supra.*

be furnished or permitted therein after 12 o'clock midnight, at which time all members of the public shall be expelled therefrom; except that on legal holidays in Michigan, and on the first day of the week, Sunday, no such entertainment shall be furnished or permitted at any time.

7. The village council may refuse to issue such license and may cancel any such license already issued at any time for good and satisfactory reasons, and the determination and decision of the village council shall be final and conclusive.   Any violation of the ordinance shall be deemed a good and satisfactory reason for cancellation.

8. Any violation of any provision of this ordinance is hereby declared to be a public nuisance, and may be abated and enjoined by appropriate proceedings in any court of competent jurisdiction.

9. Each violation of this ordinance shall be punishable by a fine of not to exceed one hundred dollars, or imprisonment for a period not exceeding ninety days, or both such fine and imprisonment in the discretion of the court, together with costs of prosecution, and in the event of the imposition of a fine only, the offender, on failing to pay such fine and costs of prosecution, may be imprisoned for any time not exceeding 90 days, unless payment thereof be sooner made.

This ordinance repeals the ordinance on the same subject which became effective January 1, 1921.

This ordinance shall become effective and be in full force on February 1, 1924.

*People* v. *Harley*, 230 Mich. 676, is clearly distinguishable. The ordinance in that case provided that if the city council be satisfied that the applicant is a suitable person to carry on the business sought to be licensed, and that the granting of the license will not be detrimental to the interests of the public or in violation of any law, "it shall grant such license to the applicant." There is no such provision in the ordinance here considered.

The court had jurisdiction. *Devereaux* v. *Genesee Township Board, supra.*

The decree is affirmed. As no brief has been filed on behalf of the appellee, no costs will be allowed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.