POWERS *v.* SECRETARY OF STATE.

1. APPEAL AND ERROR—SECRETARY OF STATE—FINDINGS OF FACT—SCOPE OF REVIEW BY SUPREME COURT.

Findings of fact by the secretary of State acting within his powers under the motor vehicle registration act is conclusive in the absence of fraud but the Supreme Court has power to review questions of law involved in his decision thereunder (Act No. 46, § 14f, Pub. Acts 1921, as added by Act No. 151, Pub. Acts 1943).

2. LICENSES—AUTOMOBILE DEALERS—FRAUD—PAYMENT OF SALES TAX.

Under statutory provision empowering the secretary of State to refuse an automobile dealer's license to applicant who "has been guilty of a fraudulent act in connection with selling or otherwise dealing in motor vehicles," refusal of license to applicant for his intentional withholding payment of proper sales tax was authorized (Act No. 46, § 14f, Pub. Acts 1921, as added by Act No. 151, Pub. Acts 1943; Act No. 167, Pub. Acts 1933, as amended).

3. SAME—AUTOMOBILE DEALERS—PAYMENT OF SALES TAX—FRAUD.

> A flagrant violation of the sales tax act in connection with the sale or dealing in motor vehicles constitutes fraud within the meaning of the motor vehicle registration act authorizing refusal of license to automobile dealer for past fraud (Act No. 46, § 14f, Pub. Acts 1921, as added by Act No. 151, Pub. Acts 1943; Act No. 167, Pub. Acts 1933, as amended).

4. SAME—AUTOMOBILE DEALERS—HEARING—CORPORATIONS.

> At hearing on application for automobile dealer's license, the secretary of State had a right to consider all previous acts of plaintiff under former license to claimed corporation of which applicant, an individual, had control (Act No. 46, Pub. Acts 1921, as amended).

5. SAME—AUTOMOBILE DEALERS—ESTOPPEL—PREVIOUS ACTS.

> The secretary of State is not estopped to deny license to applicant automobile dealer for one year for reasons occurring prior to that year even if known by the secretary of State previous to issuance of former license (Act No. 46, Pub. Acts 1921, as amended).

6. OFFICERS—SECRETARY OF STATE—STATUTES—ADMINISTRATIVE LAW.

> In performing administrative acts under direct command of the legislature, the secretary of State is not performing judicial functions (Act No. 46, Pub. Acts 1921, as amended).

7. AUTOMOBILES—PURPOSE OF MOTOR VEHICLE REGISTRATION ACT.

> An object of the motor vehicle registration act is to regulate the business of dealing in automobiles and compliance in so doing with provisions of law regulating reports and payment of revenue to the State (Act No. 46, Pub. Acts 1921, as amended).

8. APPEAL AND ERROR—RECORD—FORMER ADJUDICATION.

> On review of refusal by secretary of State to issue license as automobile dealer to plaintiff, record failed to show any issue presented therein had been formerly adjudicated (Act No. 46, Pub. Acts 1921, as amended).

Appeal from Secretary of State. Submitted June 13, 1945. (Docket No. 49, Calendar No. 42,969.) Decided October 8, 1945. Rehearing denied January 7, 1946.

James Powers, doing business as Powers Pontiac Sales Company, made application to Secretary of State for a dealer's license for the year 1944. Application denied after hearing. Plaintiff reviews by appeal in nature of certiorari. Affirmed.

*Iverson & Allin (Toy & Newman,* of counsel), for plaintiff.

*Asher L. Cornelius,* for plaintiff on application for rehearing.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Meredith H. Doyle* and *T. Carl Holbrook,* Assistants Attorney General, for defendant.

*Clark, Klein, Brucker & Waples, amici curiae.*

WIEST, J. Plaintiff applied to the secretary of State under the provisions of Act No. 46, Pub. Acts 1921, as amended (1 Comp. Laws 1929, § 4658 *et seq.* [Comp. Laws Supp. 1940, 1943, § 4658 *et seq.,* Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 9.1471 *et seq.*]), for a license to carry on the business of a dealer in automobiles during the year 1944. The license was refused. In *Powers* v. *Secretary of State,* 309 Mich. 530, we denied plaintiff's application for writ of mandamus directing issuance of the license, but without prejudice thereby upon a hearing before the secretary of State. Thereupon the defendant gave plaintiff notice of the charges against him and held a hearing thereon at which plaintiff and his counsel took part in the presentation of evidence. The defendant made a finding from which we quote the following:

"Considering all of the testimony offered, and the numerous exhibits produced, there appears to have been a clear and consistent course of sales-tax

evasion on the part of the applicant. His utter disregard for and his intentional failure to pay the sales tax required by law constituted a series of fraudulent acts in connection with the selling or dealing in motor vehicles contrary to Act No. 46, §14 f (d), Pub. Acts 1921, as added by Act No. 151, Pub. Acts 1943.

"Although applicant has attempted to evade the consequences of his own acts by placing the blame which lies, upon a separate corporate structure, a structure of which he in fact is the keystone and controlling influence, I find that the fraudulent acts complained of were the acts of James B. Powers as an individual.

"The corporate fiction of which he attempts to avail himself is a mere subterfuge and hardly worthy of serious consideration.

"Therefore, by virtue of authority vested in me under the provisions of Act No. 46, §14 f (d), Pub. Acts 1921, as added by Act No. 151, Pub. Acts 1943:

"It is ordered that the application of James B. Powers for a license to carry on or conduct the business of buying, selling or dealing in. motor vehicles or parts thereof in the county of Wayne, State of Michigan, for the year 1944 is denied, and I hereby refuse to issue such license."

Under the statute "The findings of fact made by the secretary of State acting within his power shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of the secretary of State."

Plaintiff reviews by certiorari, presenting questions of law. The statute of 1921 has been amended many times, the final amendment being Act No. 151, Pub. Acts 1943 (Comp. Laws Supp. 1943, §§ 4658–1—4671–6, Stat. Ann. 1944 Cum. Supp.

§§ 9.1471 [1]—9.1482 [2]). That statute expressly empowers the secretary of State to refuse a license if, upon a hearing, he finds the applicant "has been guilty of a fraudulent act in connection with selling or otherwise dealing in motor vehicles." This is a broad provision inclusive of intentionally withholding payment of proper sales tax. Under the evidence the amount owing by Powers Motor Sales, Inc., constituted a flagrant violation of the sales tax act * and constituted fraud within the meaning of Act No. 46, Pub. Acts 1921, as amended.

Findings of fact by the secretary of State dispose of many of the questions propounded by plaintiff. The secretary of State at the hearing had a right to consider all previous acts of plaintiff under former license to the claimed corporation. Plaintiff applied as an individual for license and the statute includes any and all acts of omission which would be cause for refusing or revoking a license issued to such officer, director, employee or partner as an individual. Defendant was not estopped to deny plaintiff a license for the year 1944 for reasons occurring prior to that date even if known by defendant previous to issuance of the former license. The test in the instance at bar is not one of the right of plaintiff to engage in a business not harmful to the public health, morals, safety and general welfare of the people of the State of Michigan. In performing administrative acts under direct command of the legislature defendant was not performing judicial functions. The one object of the act is apparent and that is to regulate the business of dealing in automobiles and compliance in so doing with provisions of law regulating reports and payment

* See Act No. 167, Pub. Acts 1933, as amended (Comp. Laws Supp. 1940, 1943, § 3663–1 *et seq.,* Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 7.521 *et seq.*).—Reporter.

of revenue to the State. Plaintiff has failed to present a record establishing former adjudication of any issue in the proceeding at bar.

Under the facts, as found, and the law applicable thereto, the secretary of State was empowered to refuse the license and his action in so doing is affirmed, with costs to defendant.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.