## FASS *v.* CITY OF HIGHLAND PARK.

### ON REHEARING.

1. APPEAL AND ERROR—CROSS APPEAL.

   An appellee who has taken no cross appeal, may, nevertheless, urge in support of the judgment in his favor reasons rejected by the trial court.

2. MUNICIPAL CORPORATIONS—POLICE POWER—ZONING ORDINANCES—PURPOSES.

   A city in the exercise of its police power has authority to enact a zoning ordinance reasonably necessary for the preservation of public health, morals or safety, but it may not exercise that power in an arbitrary and unreasonable manner.

3. SAME—ZONING ORDINANCES MUST BE REASONABLE.

   A zoning ordinance must be reasonable and its reasonableness becomes the test of its legality.

4. SAME—DETERMINATION OF REASONABLENESS OF ZONING ORDINANCE.

   Each zoning case, as a rule, stands by itself and its reasonableness must be judged by the circumstances in each particular case.

5. SAME—ORDINANCES—PRESUMPTION OF VALIDITY.

   A presumption prevails in favor of the reasonableness and validity of a municipal ordinance unless the contrary is shown by competent evidence, or appears on the face of the enactment.

REFERENCES FOR POINTS IN HEADNOTES
[2–6] 37 Am. Jur., Municipal Corporations, §§ 155–159.
[2] Validity generally of zoning statute.  86 A.L.R. 659; 117 A.L.R. 1119.
[7–10] 48 Am. Jur., Slaughterhouses, §§ 1, 2.
[7] Poultry yard or plant as nuisance.  81 A.L.R. 1207.

6. CONSTITUTIONAL LAW — MUNICIPAL ORDINANCES — BURDEN OF SHOWING UNCONSTITUTIONALITY.

Every intendment is in favor of the constitutionality of a municipal ordinance and party attacking it has the burden of showing that it has no real or substantial relation to public health, morals, safety or general welfare.

7. SAME—LEGISLATION—KILLING, DRESSING AND SALE OF LIVE POULTRY.

The killing, dressing and sale of live poultry is a subject upon which a legislative body has authority to legislate.

8. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—KILLING OF POULTRY.

Municipal ordinance confining the killing, dressing and sale of live poultry to a certain zone within the corporate limits of the city, has a distinct relation to public health and is valid and enforceable.

9. SAME—ZONING ORDINANCE—INTENT—KILLING OF POULTRY.

Where the killing and defeathering of live poultry was specifically authorized by city zoning ordinance only in so-called manufacturing district, intent of ordinance was that such activities be confined to such district and not be permitted in business districts wherein buildings could be used for generally recognized retail stores and uses accessory thereto.

10. SAME—ZONING ORDINANCE—CONDUCT OF POULTRY BUSINESS.

Where it appears that 104 places in city were licensed to sell meat and poultry killed elsewhere and only three had a license to kill and defeather poultry, finding of court that use of premises for killing poultry was incidental and an integral part of operation of plaintiffs' retail poultry store *held,* not sustained by evidence in suit to restrain city from enforcing zoning ordinance restricting the killing of poultry to so-called manufacturing district and prohibiting it in business district in which plaintiff's premises were located.

11. COSTS—CONSTITUTIONALITY OF ORDINANCE.

No costs are allowed on rehearing where question determined was constitutionality of an ordinance.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 14, 1948. (Docket No. 9, Callendar No. 43,852.) Decided February 16, 1948. Submitted on rehearing April 20, 1948. Decided on rehearing May 18, 1948.

Bill by Max Fass and wife against City of Highland Park and another to restrain enforcement of zoning ordinance of defendant city. Mike Petrovich and wife intervene. Cross bill by intervenors against plaintiffs to enjoin conduct of plaintiffs' business in that locality. Decree for plaintiffs. Defendants appeal. Reversed and decree for defendants entered. Modified on rehearing. See original opinion, 320 Mich 182.

*Fred F. Wynn* (*Irving H. Small*, of counsel), for plaintiffs.

*Earl B. Young* (*Crawford S. Reilley*, of counsel), for defendants.

### On Rehearing.

SHARPE, J. A rehearing was granted in this case, limiting the question to the constitutionality of the ordinance involved.

The facts in this case are set forth in 320 Mich. 182 and need not be again recited. It does appear, however, that in the court below plaintiffs challenged the validity of the ordinance. The trial court found that the zoning ordinance was constitutional, valid and reasonable. In our former opinion we said:

"In coming to our conclusions in this controversy we have in mind that plaintiffs did not file a cross appeal, hence the constitutionality of the zoning ordinance is not an issue in this cause."

We confess error in this statement as an appellee who has taken no cross appeal may urge in support of the judgment in his favor reasons rejected by the trial court. See *Township of Pontiac* v. *Featherstone*, 319 Mich. 382, and *Morris* v. *Ford Motor Company*, 320 Mich. 372.

The city of Highland Park enacted a zoning ordinance, effective October 1, 1942, known as ordinance

No. 592, the pertinent parts of which, as amended, read as follows:

"AN ORDINANCE to establish districts in the city of Highland Park; to regulate the use of land and structures therein; to regulate and limit the height, the area, the bulk and location of buildings; to regulate and restrict the location of trades and industries and the location of buildings designed for specified uses; to regulate and determine the area of yards, courts and other open spaces; to regulate the density of population; to provide for the administration and enforcement of this ordinance; to provide for a board of zoning appeals; and its powers and duties; and to provide a penalty for the violation of the terms thereof.

"THE CITY OF HIGHLAND PARK, by virtue of authority conferred by Public Act No. 207 of the Public Acts of 1921 of the State of Michigan, and acts amendatory thereto, for the purpose of preserving and promoting public peace, health, safety, and the general welfare of its inhabitants by providing for proper housing and favorable environment; by making suitable provisions for public services; by providing for orderly and regulated municipal development so as to prevent undue concentration of population; and by providing a uniformly just land-use pattern and tax assessment basis and stabilization of property values, ordains: *   *   *

"Sec. 4. Districts

"For the purposes of this ordinance the city of Highland Park is hereby divided into the following districts:

"R1   Two and a half story—one family dwellings
"R2   Two and a half story—two family dwellings
"RM   Multiple dwellings
"B2   Thirty-five (35) foot height—business
"BU   One hundred (100) foot height—business
"C    Eighty (80) foot height—commercial
"ML   Eighty (80) foot height—light manufacturing

"MH Heavy manufacturing   *   *   *

"Sec. 8 B2 Districts

"The following regulations shall apply in all B2 districts:

"Sec. 8.1 Uses Permitted

"Except as herein otherwise provided, no building, structure or part thereof, shall be erected, altered, or used, or premises used, in whole or in part, for other than one or more of the following specified uses:

"1.   Uses permitted in RM districts.

"2.   Generally recognized retail stores.   *   *   *

"17. Uses accessory to any of the above permitted uses.   *   *   *

"Sec. 10 C Districts

"The following regulations shall apply in all C districts:

"Sec. 10.1 Uses Permitted

"No building, or structure, or part thereof, shall be erected, altered, or used, or premises used, in whole or in part, for other than one or more of the following specified uses:

"1. Uses permitted in BU districts.   *   *   *

"5. Facilities for the handling and sale of poultry or game, including storage and killing of same, for sale on the premises exclusively at retail, such use to be subject to the approval of the board.

"6. Uses accessory to any of the above permitted uses."

Plaintiffs' poultry market consists of a one-story cement block store located in a B2 district where they kill, defeather and dress poultry. The ordinance provides that in a B2 district there may be "generally recognized retail stores" and "uses accessory" to the same, while uses permitted in a C district are killing, handling and sale of poultry.

Plaintiffs urge that the zoning ordinance as construed by city officials is arbitrary and unreasonable as applied to their particular property. A city in

the exercise of its police power has authority to enact a zoning ordinance reasonably necessary for the preservation of public health, morals or safety, but it may not exercise that power in an arbitrary and unreasonable manner. In *City of North Muskegon* v. *Miller,* 249 Mich. 52, we held that a zoning ordinance must be reasonable and its reasonableness becomes the test of its legality.

In *Pere Marquette R. Co.* v. *Muskegon Township Board,* 298 Mich. 31, we said:

"Each zoning case, as a rule, stands by itself and its reasonableness must be judged by the circumstances in each particular case."

The generally accepted rule is that a presumption prevails in favor of the reasonableness and validity of a municipal ordinance unless the contrary is shown by competent evidence, or appears on the face of the enactment. See *Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564 (33 A.L.R. 142).

In *Austin* v. *Older,* 283 Mich. 667, 674, we said:

"It is elementary that every intendment is in favor of the constitutionality of an ordinance and plaintiff has the burden of showing that it has no real or substantial relation to public health, morals, safety or general welfare."

There can be little doubt that the killing, dressing and sale of live poultry is a subject upon which a legislative body has authority to legislate. It is not unreasonable or arbitrary to confine this activity to a certain zone within the corporate limits of a city. Such an ordinance has a distinct relation to public health and in our opinion is valid and enforceable.

Plaintiffs also urge that the killing and defeathering of poultry is an integral part of the operation of a small retail live poultry market and, therefore, a permitted use in a B2 district.

It should be noted that the killing, defeathering and dressing of poultry is permitted in a "C" or commercial district. It clearly appears that it was the purpose and intent of the framers of the ordinance to confine such activity to a district other than where plaintiffs' poultry market is now located. It appears that between May 1, 1946, and May 1, 1947, there were 104 places in the city of Highland Park licensed to sell meat all of which sold meat and dressed poultry that was killed in another place. Under the record in this case it cannot be said the killing of poultry and sale of same in the same shop or market is the usual method of conducting a poultry market. To allow such a practice would run contrary to the intent and purpose of the ordinance. In our opinion the ordinance was designed to prevent such a practice. We, therefore, hold the ordinance constitutional. We also hold that the killing and defeathering is not an incidental and integral part of the operation of a poultry market, especially where the ordinance provides that this activity should be confined to another zone.

The decree of the trial court holding the ordinance valid is affirmed, but the decree holding that the killing, defeathering and dressing of poultry is incidental to and an integral part of plaintiffs' retail poultry business is reversed. No costs are allowed as the constitutionality of an ordinance is involved.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.