EASTWOOD PARK' AMUSEMENT COMPANY *v.*
CITY OF EAST DETROIT.

1. Licenses—Revocation—Amusement Park—Municipal Corporations.

Operation of gambling devices in amusement park, which con·
stituted grounds for revocation of city's license to operate
such park during year in which such devices were permitted,
constituted sufficient grounds for refusal of a license for
succeeding year (City of East Detroit Ordinance, § 19).

2. Appeal and Error—Questions Reviewable—Statement of Reasons and Grounds of Appeal.

Claim that criminal violations by former owners and officers
of amusement park company may not be urged against issuance of a license for ensuing year because it had then come
under new ownership and management will not be considered on appeal, where not raised in court below nor embodied in plaintiff's statement of reasons and grounds of appeal from refusal of new license to operate amusement park.

3. Municipal Corporations—Ordinances—Licenses—Amusement Parks.

Municipal ordinance for licensing amusement parks, which provided that no license should be issued unless place complied with
all laws and ordinances, provided standard as a basis for
determining whether or not license should be issued by city
officials, hence, was not unconstitutional for lack of a
standard for issuance of a license (City of East Detroit
Ordinance, § 19).

---

References for Points in Headnotes

[1] 52 Am Jur, Theatres, Shows, Exhibitions, and Public Resorts,
§ 26.
[2] 3 Am Jur, Appeal and Error, §§ 245, 820.
[3] 42 Am Jur, Public Administrative Law, §§ 44, 55, 66, 69.
[4, 5] 37 Am Jur, Municipal Corporations, § 167.
[5] 33 Am Jur, Licenses, § 5.

4. SAME—ORDINANCES.

    An ordinance which contains sufficient valid provisions to leave it complete and operative must, to that extent, be permitted to stand.

5. SAME—ORDINANCES—AMUSEMENT PARK.

    Provisions of city ordinance requiring a license as a prerequisite to the operation of an amusement park, forbidding licensees to permit gambling and other evils upon the licensed park, providing for revocation of license and penalties for violation of the ordinance and for refusal of license on the grounds of violation of State laws and ordinances set forth severable provisions that were complete and operative in and of themselves, were valid and enforceable and rendered it unnecessary to pass upon claims of unconstitutionality of other provisions of the ordinance (City of East Detroit Ordinance, §§ 1, 16, 19, 21).

Appeal from Macomb; Hartrick (George B.), J., presiding. Submitted April 12, 1950. (Docket No. 52, Calendar No. 44,755.) Decided September 11, 1950. Rehearing denied December 5, 1950.

•

Bill by Eastwood Park Amusement Company against City of East Detroit and others to have ordinance declared void and in alternative if not void to require issuance of license. Decree for defendants. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher* and *George A. Francis,* for plaintiff.

*Carl B. Weymouth,* for defendants.

DETHMERS, J. Plaintiff's original and amended bills of complaint pray that an injunction issue restraining defendants from interfering with plaintiff's operation of its amusement park and that defendant city's ordinance No 49 providing for the licensing and regulating of such operation be declared unconstitutional, or that, in the alternative,

a mandatory injunction issue requiring the issuance of a license to plaintiff in accord with its application under the ordinance. Defendants' cross bill prays that an injunction issue restraining plaintiff from operating the amusement park. From decree dismissing plaintiff's bill of complaint and restraining it from operating the amusement park without a license, plaintiff appeals.

Much of the factual background of this case is stated in our opinion in *Eastwood Park Amusement Company* v. *Mayor of East Detroit,* 325 Mich 60, and pertinent provisions of the ordinance may be found in the footnotes thereto. In that case the controversy stemmed from defendants' revocation of the 1948 license; here, from defendants' refusal to issue a new annual license in 1949 and their efforts to prevent plaintiff from operating the park without a license.

On May 23, 1949, plaintiff applied for a license. On June 6, 1949, the mayor filed with the city council charges against plaintiff as grounds for denying a license. After notice thereof to plaintiff a hearing was had before the council on June 27th at which plaintiff was represented by counsel. No objection is voiced by plaintiff to the sufficiency of the notice or hearing and, for aught that appears in the record, plaintiff's rights in that regard under the due process clause were in no wise violated. One of the charges filed and proofs supporting it related to plaintiff's violations of State laws and city ordinances in permitting the operation of gambling devices in the park. This course of conduct, held by us, in the former case, to justify revocation of the 1948 license, likewise constitutes sufficient grounds for refusal of a license in 1949. The fact that the violations occurred during, and under a license issued for, the previous year does not operate as a bar to their being taken into consideration in passing on the application

for license in 1949. *Powers* v. *Secretary of State,* 312 Mich 315; *Eastwood Park Amusement Company* v. *Mayor of East Detroit, supra.* The claim in plaintiff's brief that criminal violations by its former owners and officers, in connection with their operation of the park in 1948, may not be urged against issuance of a license to it in 1949 because it had then come under new ownership and management is one which was not raised in the court below nor embodied in plaintiff's statement of reasons and grounds of appeal and, hence, will not be considered here.

In *Eastwood Park Amusement Company* v. *Mayor of East Detroit, supra,* we held invalid section 18 of the ordinance, which section provides that "for good satisfactory reasons" existing licenses may be revoked by the mayor and the issuance of new licenses may be refused by the council. Our holding was predicated upon the view, therein expressed, that section 18 conferred arbitrary powers upon the mayor and council without setting up standards as a basis for their determination, citing *Postal* v. *Village of Grosse Pointe,* 239 Mich 286, and that it deprived plaintiff of its legal safeguards, *viz.,* the right to notice of legal reasons for revocation and an opportunity for a prompt hearing. After urging that our holding therein has, in effect, deleted section 18 from the ordinance plaintiff contends that no provisions remain in the ordinance authorizing the exercise of discretion by the defendant city or its officers in passing upon plaintiff's application for a license, and that, in consequence, under the remaining provisions of the ordinance issuance of the license is mandatory. This overlooks the provisions of section 19, as follows:

"No such license shall be issued unless such place for which it is issued complies with all laws and ordinances."

Here is raised a standard as a basis for determination. No conferring of arbitrary power upon the mayor and council is to be found in section 19; on the contrary, it expressly prohibits the issuance of a license when the standard therein provided is not met or is violated. Its freedom from the infirmities which we found to exist in section 18 is, thus, manifest. It is in precisely this respect that the ordinance in this case is distinguishable from the ordinance which, in *Blumlo* v. *Hampton Township Board,* 309 Mich 452, we held to be invalid to the extent that it authorized the township board to refuse a license arbitrarily, without regard to any standard for its determination. Plaintiff having been charged before the council with violation of the gambling laws and having had due notice thereof and an opportunity for hearing, the council, upon finding the charges substantiated, was obliged under the language of section 19 to deny the license.

Plaintiff stresses the claimed unconstitutionality of several sections or provisions of the ordinance. It does not necessarily follow that the entire ordinance must fall. See *Eastwood Park Amusement Company* v. *Mayor of East Detroit, supra,* and cases therein cited. As we said in that case, even though all the challenged provisions were to be held unconstitutional and deemed to be deleted, if there still remain sufficient valid provisions to leave the ordinance complete and operative, it must, to that extent, be permitted to stand. Section 1, requiring a license as a prerequisite to the operation of an amusement park, section 16 forbidding licensees to permit gambling and other evils upon the licensed park, section 21 providing for revocation of license and penalties for violation of the ordinance, and section 19 providing for refusal of such license on the grounds of violation of State laws or city ordinances are severable from the rest of the ordinance, are complete

and operative in and of themselves, and, hence, are valid and enforceable. There is no necessity therefore in passing upon plaintiff's claims of the unconstitutionality of many of the other provisions of the ordinance.

Decree affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.