DETROIT OSTEOPATHIC HOSPITAL　*v.* CITY OF SOUTHFIELD.

1. MUNICIPAL CORPORATIONS—ZONING.

　　Cities in this State have no inherent power in the field of zoning, their authority in such respect being granted by the Constitution or statute.

2. SAME—ORDINANCES—BOARD OF ZONING APPEALS—STATUTES.

　　Standards adopted by city council in zoning ordinance whereby it was permitted that board of zoning appeals might allow private hospitals in a residential area upon a finding that the use would not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the ordinance *held,* proper, where statute authorized city council to establish such a board for enforcement of the ordinance (CLS 1961, § 125.585; Southfield Zoning Ordinance No. 35).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Zoning § 7.
[2] 58 Am Jur, Zoning §§ 7, 129, 130.
[4] 58 Am Jur, Zoning §§ 6, 7.
[5] 16 Am Jur 2d, Constitutional Law § 211.
[6] 58 Am Jur, Zoning §§ 195, 196.
　16 Am Jur 2d, Constitutional Law § 211.
[7] 16 Am Jur 2d, Constitutional Law §§ 181, 186.
[8] 58 Am Jur, Zoning §§ 129, 130, 194, 195.
[9] 5 Am Jur 2d, Appeal and Error § 1009.

3. SAME—CHARTERS—STATUTES—ZONING.

    Whether city charter which is more restrictive than State statute in requiring city council to establish a city zoning board as a part of comprehensive method for dealing with planning and zoning is in derogation of such statute which authorized the city council to function as a board of zoning appeal as well as permitted the council to establish such a board is not determined, where the charter expressly recognized the superior authority of State law (CLS 1961, § 125.585; Southfield Charter § 4.16).

4. SAME—CITY COUNCIL—BOARD OF ZONING APPEALS—JURISDICTION.

    The statute granting to both the city council and the separate city board of zoning appeals both original and appellate jurisdiction in the matter of zoning does not demand that the powers thus granted be exercised by only one municipal body (CLS 1961, § 125.585).

5. CONSTITUTIONAL LAW—SEPARATION OF POWERS—MUNICIPAL CORPORATIONS.

    Cities are not specifically excepted from application of the doctrine of separation of powers (Const 1963, art 3, § 2; art 7, § 22).

6. MUNICIPAL CORPORATIONS—SEPARATION OF POWERS—ZONING—CITY COUNCIL—QUESTIONS REVIEWABLE.

    Determination of whether the doctrine of separation of powers should be applied in proceeding by hospital to change residentially zoned land to permit construction of a hospital *held*, unnecessary, where if it were to be determined that city council lacked authority to act in the matter its ordinance-created exception is inoperative and left the balance of the ordinance providing for the residence use of the plaintiff's land, and if the council were determined to have authority, the result would be to deny the plaintiff's application (Const 1963, art 3, § 2; CLS 1961, § 125.585; Southfield Charter § 4.16; Southfield Ordinance No 35).

7. SAME—SEVERANCE OF ORDINANCE.

    A municipal zoning ordinance may be severed validly, where the remainder after excision would contain the essential elements of a complete ordinance.

8. SAME—ZONING—CITY COUNCIL—HOSPITALS—EVIDENCE.

    Whether city council action in passing upon plaintiff hospital's request to change residential zoning to permit construction of hospital was action in a legislative or an administrative capacity is not determined, where the decision of the city council,

in either event, was to deny the request, and there is sufficient competent evidence to support its determination (CLS 1961, § 125.585; Southfield Charter § 4.16; Southfield Zoning Ordinance No 35).

9. Costs—Public Question—Municipal Corporations—Hospitals. No costs are allowed in hospital's proceeding to obtain building permit for construction in a residential zone, involving construction of municipal powers, a public question being involved (Const 1963, art 3, § 2; CLS 1961, § 125.585; Southfield Charter § 4.16; Southfield Ordinance No 35).

Appeal from Oakland; Moore (Arthur E.), J. Submitted April 6, 1965. (Calendar No. 1, Docket No. 50,481.) Decided February 8, 1966.

Bill of complaint by Detroit Osteopathic Hospital Corporation, a Michigan nonprofit corporation, against the City of Southfield, a Michigan municipal corporation, and others to enjoin the interference with the erection of a hospital in an area zoned residential, to compel the issuance of applicable building permits, and to declare rights under the municipal zoning ordinance and under the State Constitution. Judgment for plaintiff. Defendants appeal. Reversed.

*Clark, Klein, Winter, Parsons & Prewitt* (*H. William Butler, David P. Wood,* and *Henry Earle, III,* of counsel), for plaintiff.

*James M. Ginn,* for defendants.

Adams, J. Plaintiff filed an application with the city of Southfield to change its residentially zoned land to permit construction of a hospital. Ordinance No 35, which amended Ordinance 18, the city's zoning ordinance, provides in chapter 4, § 1, for residential use:

"*except* for one or more of the following specified purposes:  *   *   *

"Churches, private schools, private educational institutions, *private hospitals* (but not including institutions for the care of the feeble-minded or insane) *after approval by the council of the city of Southfield* upon a finding that the use will not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of this ordinance." (Emphasis supplied.)

The city council directed the application "be referred to the planning commission, and planning consultant for their study and recommendations." The planning commission considered the application, and by unanimous vote "recommend[ed] to the council approval of the land use request." The council held two public hearings at which there was testimony for and against the application. The council decided, by five-two vote, that the application "be denied because it would be injurious to the neighborhood, presents a safety problem and, at present, there is no need."

Plaintiff commenced suit in chancery. The trial judge held the council had not had the benefit of the guidelines set forth in *Florka* v. *City of Detroit,* 369 Mich 568. He remanded the matter. The city council conducted a further hearing and, by a four-three vote, denied the application. The case was returned to circuit court. The judge found there were two controlling questions: (1) In making an initial determination under Ordinance No 35, was the council exercising administrative powers? (2) If yes, was this unconstitutional under the doctrine of separation of powers?

He answered both questions affirmatively and reasoned that the only way to render both the ordinance and the action of the council constitutional would be to construe CLS 1961, § 125.585 (Stat Ann

1958 Rev § 5.2935), as permitting only appellate review of administrative action by the council.

The judge found that the planning commission had made the initial determination and that the council's appellate review had failed to deny the approval of the planning commission for lack of a required 2/3 vote to overrule. CLS 1961, § 125.585(a) (Stat Ann 1958 Rev § 5.2935[a]), quoted *post.*

## I.

Michigan cities have no inherent power in the field of zoning. Their authority is granted to them by Constitution or legislative act. *People* v. *Armstrong,* 73 Mich 288, at 292 (2 LRA 721, 16 Am St Rep 594); *DeGaynor* v. *Dickinson County Memorial Hospital Board of Trustees,* 363 Mich 428, 433.

The legislative grant of power with which we are here concerned is contained in CLS 1961, § 125.585 (a) (Stat Ann 1958 Rev § 5.2935[a]). It provides:

"The *legislative body* of any city or village may act as a board of appeals *upon all questions arising under a zoning ordinance,* and in such event the said legislative body may fix rules and regulations to govern its procedure sitting as such a board of appeals. In the event that the legislative body of any city or village so desires, it may appoint a board of appeals consisting of not less than 5 members, each to be appointed for a term of 3 years: Provided, That appointments for the first year shall be for a period of 1, 2 and 3 years, respectively, so as nearly as may be to provide for the appointment of an equal number each year, depending on the number of members, thereafter each member to hold office for the full 3 year term. Such board of appeals shall hear and decide appeals from and review any order, requirements, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to the provisions

of this act. *They shall also hear and decide all matters referred to them or upon which they are required to pass under any ordinance of the legislative body adopted pursuant to this act.* The concurring vote of 2/3 of the members of the board shall be necessary to reverse any order, requirement, decision or determination of any such administrative official, or to decide in favor of the applicant any matter upon which they are required to pass under any such ordinance or to effect any variation in such ordinance. Such appeal may be taken by any person aggrieved or by any officer, department, board or bureau of the city or village. Wherever any city or village has created or may create a board of rules or board of building appeals, such board may be enlarged to consist of not less than 5 members, and these may be appointed as the board of appeals as herein provided." (Emphasis supplied.)

This section of the zoning law was considered in *Osius* v. *City of St. Clair Shores,* 344 Mich 693, 696 (58 ALR2d 1079), wherein the Court said:

"As the city's zoning board of appeals *it exercises both appellate and original jurisdiction.* We are concerned, in this case, only with the latter, since we do not have an appeal from an administrative determination by a city official. None was made. Nor do we have a petition to 'vary or modify' rules and regulations in a case 'where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter' of an ordinance. What we do have is an application by the plaintiffs, under the ordinance, for a certificate of compliance and a building permit. This was submitted to the zoning board of appeals. The board's jurisdiction to act upon plaintiffs' certificate arises from the fourth sentence of paragraph (a) of section 5 of the act (CLS 1954, § 125.585 [Stat Ann 1953 Cum Supp § 5.2935]) providing as follows:
" 'They (zoning board of appeals) shall also hear and decide all matters referred to them or upon

which they are required to pass under any ordinance of the legislative body adopted pursuant to this act.'

"*Since the board's jurisdiction to act upon plaintiffs' certificate arises from the above-quoted provision, permitting it to exercise certain original jurisdiction, the term 'appeals' board, as applied to these proceedings, is obviously a misnomer.*" (Emphasis supplied.)

It is most important to bear in mind that the statute, as construed in *Osius,* authorizes the legislative body, as an independent board, to act *either in making an initial decision* or *in reviewing an administrative act.* In *Osius,* the city council acted initially. The action failed for lack of legislative standards.

In *Florka* v. *City of Detroit, supra,* the question was the adequacy of the standards that had been adopted by the city council, not the authority of a particular body to apply them. The standards were held to be adequate. In that case and in *City of Detroit* v. *S. Loewenstein & Son,* 330 Mich 359, the power to grant an exception was delegated by the city council to a planning commission.

By enactment of zoning ordinance 35, Southfield adopted the standards approved in *Florka.* Since the statute authorizes an initial decision by a city council and since Southfield's ordinance provides for such a decision, not review of an administrative decision, any prohibition of such action must be found elsewhere.

## II.

Section 4.16[1] of the charter of the city of Southfield provides a comprehensive method for dealing

---

[1] "(a) The council shall create and maintain a city planning commission in accordance with and having the powers and duties granted by the provisions of State law relating to such commissions. The council shall also create, adopt and maintain a zoning ordinance in accordance with the provisions of State law relating to such ordinances.

with planning and zoning. It calls for a zoning board of appeals made up of members who do not hold any other appointive or elective office. This would seem to bar the city council from acting as a board of appeals. However, the charter also provides that the zoning ordinance shall be in accordance "with the provisions of State law relating to such ordinances." It is not necessary to decide whether the charter, being more restrictive, is in derogation of the statute since the charter itself recognizes the superior authority of State law.

### III.

The Southfield zoning ordinance provides in chapter 10, § 1, that its provisions shall be administered by a building director. Chapter 8 refers to the charter provision establishing a zoning board of appeals and gives that board specific powers and "the general duties and powers conferred upon it by law." This would also seem to conflict with the council's power to grant exceptions, but for the fact that Ordinance No 35 amended Ordinance No 18 and specifically gave this function to the council.

The law grants original and appellate jurisdiction to the legislative body of a municipality or to a separate board of appeals to act with regard to "all questions arising under a zoning ordinance." Nothing in the law compels the exercise of both

Insofar as may be, the provisions of such ordinance shall be coordinated with the work of the city planning commission, herein required to be appointed and maintained by the council.

"(b) The council shall appoint and maintain a 7-member city zoning board in accordance with and having the powers and duties granted by the provisions of State law relating to such boards and/or commissions. Provided, however, that at the time of appointment, no member thereof shall hold any other elective or appointive position.

"(c) The zoning board of appeals shall consist of the chairman of the zoning board and 4 members to be selected by the council, none of whom shall hold any other appointive or elective office, and the zoning board of appeals shall elect its own chairman from its membership."

powers by a single municipal body. This means that in Southfield there are two bodies possessing the powers granted by the legislature: (1) the city council when acting as a board of appeals with original jurisdiction, and (2) the board of appeals with both original and appellate jurisdiction.

It is only fair to say that the statute, *supra,* the city charter (section 4.16, Planning and Zoning, *supra*), and the city Ordinances Nos 18 and 35 present an almost hopelessly confused picture of zoning procedures. Clarification by the State legislature is needed. As long as the statute is worded as it now is, confusion will result.

## IV.

Article 3, § 2, of the Constitution of 1963 provides:

"The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this Constitution."

If the council was exercising administrative powers properly belonging to the executive branch of government, is the doctrine applicable here?

In *Township of Dearborn* v. *Dearborn Township Clerk,* 334 Mich 673, the separation of powers doctrine was applied by this Court to justices of the peace, denying them the right to serve on a township board.

Article 7, § 8, of the 1963 Constitution provides:

"*Boards of supervisors* shall have legislative, *administrative* and such other powers and duties as provided by law." (Emphasis supplied.)

Article 7, § 18, provides that:

"In each organized *township* there shall be elected for terms of not less than two nor more than four

years as prescribed by law a supervisor, a clerk, a treasurer, and not to exceed four trustees, whose legislative and *administrative* powers and duties shall be provided by law." (Emphasis supplied.)

Article 7, § 22, provides that:

"Each such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, *subject to the Constitution* and law." (Emphasis supplied.)

From the above it will be seen that an exception to the mandate of article 3, § 2, is missing as to cities.

The general rule with regard to the application of the doctrine of separation of powers to cities is stated in annotation 67 ALR 737, 740:

"The above cases are based generally on the doctrine that constitutional provisions dividing powers of government into three separate departments, legislative, executive, and judicial, apply only to the State and are inapplicable to municipal governments."

In construing article 4 of the Constitution of 1908 (the counterpart of article 3, § 2, Constitution of 1963), this Court, in *Township of Dearborn* v. *Dearborn Township Clerk, supra,* p 689, said:

"However, the rule in Michigan is stated in *Civil Service Commission* v. *Auditor General,* 302 Mich 673, as follows:
" 'If there is any ambiguity the doubt should be resolved in favor of the traditional separation of governmental powers.' "

For decision in this case, it is not necessary to determine whether the doctrine of separation of powers is applicable. If it were to be determined that the city council lacked authority to act, this would render the exception contained in Ordinance

No 35 inoperative, leaving the balance of the ordinance which provides for residential use of plaintiff's land.[2]

On the other hand, if it were to be determined that the city council, as a board of appeals, had authority to act, the result would also be to deny plaintiff's application.

On the question as to whether the action of the council should be classified as administrative or legislative, 2 Rathkopf, The Law of Zoning and Planning (3d ed, 1964), 54–30, 31, has this to say:

"In a great number of instances the legislative body, when enacting an ordinance providing for special exception uses in particular districts, reserves to itself the power to pass upon the application. It might seem to be of little importance whether the power to pass upon applications for special exception use permits is delegated to an administrative body, *i.e.*, the board of appeals or the planning board, or reserved by the legislative body itself. However it has been held that where the power is conferred upon another body, it is clearly:

"(a) A delegated power subject to the limitations upon such power, and

"(b) a power exercised administratively.

"In the case of a power reserved by the legislative body, the courts have not been consistent as to whether the legislative body is, in such case, acting legislatively and hence subject only to such review as attends legislative acts, or whether it is acting administratively and is therefore subject to the same rules as an administrative body to which power has been delegated."

Again, for purposes of decision in this case we do not determine whether the city council was acting

---

[2] Such severability would be valid since what would remain would contain the essential elements of a complete ordinance. *City of Detroit* v. *Fort Wayne & Belle Isle R. Co.*, 95 Mich 456, 461; *Eastwood Park Amusement Company* v. *City of East Detroit*, 328 Mich 272, 276.

in a legislative or an administrative capacity. In either event, plaintiff cannot prevail since the council's decision was to deny the request. The trial judge found that the testimony before the council contained sufficient competent evidence to sustain its majority decision under the authority of *Dillon* v. *Lapeer State Home & Training School,* 364 Mich 1. There being sufficient competent evidence, upon review of same we would not reverse.

The somewhat extraordinary procedure of discussing questions which we do not pass upon, as has been done in this section, has been followed, first, to make it clear why these questions need not be decided at this time, and, second, to alert the profession and the cities of the State to the serious questions which are posed by the 1963 Constitution with regard to the application of the doctrine of separation of powers to cities.

The judgment of the trial court ordering defendant to issue a permit to plaintiff is reversed. No costs, a public question being involved.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, and O'HARA, JJ., concurred with ADAMS, J.

BLACK, J., concurred in result.