SCHILLING *v* MIDLAND

1. ZONING—REZONING—ENABLING ACT.

A municipal ordinance rezoning an unimproved tract of land
adjacent to a residential area from residential to business
use to permit the construction of a shopping center was void
where the construction of a shopping center would increase
rather than lessen congestion on surrounding public streets,
there was no evidence that the planned development would in
any way contribute to the public health, safety, or welfare,

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 7.
[2] 58 Am Jur, Zoning § 142.

the present character and general trend of building and population development in the area was almost exclusively residential, development of a shopping center would cause a decrease in value of existing nearby homes, homeowners testified that the residential character was a factor in their decision to buy in the area, and the rezoning of the area was opposed by the planning commission, because the enabling act specifies that zoning is permissible to lessen congestion on streets, promote public health, safety, and general welfare and should be made with consideration to the preservation of the area's character, conservation of property values and the general trend of building and population development (MCLA 125.581).

2. Zoning—Rezoning—Mistake—Change in Character.

Zones established by an original zoning ordinance are presumed to be well-planned and arranged and intended to be permanent; before property is rezoned there must be proof either that there was some mistake in the original zoning or that the character of the area has changed to such an extent that reclassification ought properly to be made.

Appeal from Midland, James R. Rood, J. Submitted Division 3 January 4, 1972, at Grand Rapids. (Docket No. 10876.) Decided February 24, 1972.

Complaint by Edward Schilling and others against the City of Midland to have a city ordinance rezoning a tract of land declared null and void. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Smith & Brooker, P. C.* (by *Glenn F. Doyle*), for plaintiffs.

*Patrick H. Hynes*, City Attorney, for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Targonski,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. Burns, J. The City of Midland appeals the trial court's decision declaring[1] ordinance 741, an amendment to city ordinance 727, "null and void and of no force and effect".

Ordinance 741 affects property located near the plaintiffs' residences within the City of Midland. The affected property, a large wooded area bordered on the east and north by highways and on the south and west by residential areas, was zoned A–1 residential by ordinance 727 which permitted private residences only.[2]

Ordinance 741 amended ordinance 727 and rezoned the subject property to permit the construction of a shopping center.

The trial court reviewed the present rezoning controversy under authority of MCLA 125.590; MSA 5.2940 which gives circuit courts power to review zoning cases both as to fact and as to law. In the trial court's opinion, the City of Midland exceeded its powers of land use regulation given to it by the state.[3]

The trial court in a well reasoned opinion made the following statements and findings:

"Was ordinance 741 enacted in accordance with the provisions of § 1 of Act 207, Public Acts of 1921 [MCLA 125.581;] MSA 5.2931, the enabling act giv-

[1] The trial court issued a declaratory judgment in accordance with GCR 1963, 521.

[2] An exception to the A–1 classification of the wooded lot was a very small parcel of land situated at the extreme northwest corner of the wooded lot. This small parcel was zoned business (B–1) and contains a gas station.

[3] A municipal corporation has no inherent power of zoning and therefore may only pursue its policies of use restriction pursuant to a statute enabling it to do so. *Krajenke Buick Sales* v *Hamtramck City Engineer*, 322 Mich 250 (1948); *Detroit Osteopathic Hospital* v *Southfield*, 377 Mich 128 (1966). A municipal corporation zoning regulation, although constitutional, may be invalid for transgressing the statute authorizing municipalities to enact regulations. *Sisters of Bon Secours Hospital* v *Grosse Pointe*, 8 Mich App 342 (1967).

ing cities the power to zone? This section reads in part: 'Such regulations shall be made in accordance with a plan designed to lessen congestion on the public streets, to promote public health, safety, and general welfare, and shall be made with reasonable consideration, among other things, to the character of the district, its peculiar suitability for the particular uses, the conservation of property values, and general trend and character of building and population development.'

"Under the evidence as presented in this case the court finds as a fact ordinance 741 was not made in accordance with a plan designed to lessen congestion on the public streets. Two experts testified for the plaintiffs and one for the defendant relative to the impact of a shopping center at this location upon traffic conditions. All agreed that traffic would be increased to a point where serious problems would be created, which would make it necessary to install traffic lights at the intersection of Eastman and Wackerly Roads. The consequences of this traffic light would include the backing up of traffic onto the expressway, US 10. In addition, curb cuts would be required on both Eastman and Wackerly Roads for entrance and exit from the proposed shopping center.

"The court further finds that ordinance 741 was not made in accordance with a plan to promote the public health or safety. There was no evidence whatever that the rezoning of this area for purposes of construction of a shopping center would in any way contribute to the public health or public safety.

"Did ordinance 741 in some way promote the general welfare? It appears to this court that the evidence does not sustain this conclusion. The only testimony regarding this matter was to the effect that it would provide within the City of Midland an additional place for people to shop. The court finds that the area in question is not peculiarly suitable for any single purpose or use. It could be employed for shopping center purposes with profitable economic

consequences to the owners and developers. It could also be used for the construction of single family residences.

"The court further finds as a fact that the present character of the area is residential in nature, that the general trend and character of building and population development in the north half of section 4 has been exclusively in that direction since the addition of the section to the city, with the exception of the building of two elementary schools and a single gas station as earlier noted.

"This court takes judicial notice of the fact that the construction of commercial enterprises in a residential district has the effect of lowering the value of existing nearby homes. On the other hand, unimproved land may be increased in value as it becomes more susceptible to rezoning for additional profitable commercial uses.

"Section 35.1 of the Zoning Ordinance Number 727 of the City of Midland entitled 'Amendment Procedure,' provides as follows: 'For the purpose of establishing and maintaining sound, stable, and desirable development within the territorial limits of the municipality, this ordinance shall not be amended except to correct an error in the ordinance, or, because of changed or changing conditions in a particular area or in the municipality generally, to rezone an area, extend the boundary of existing zoning district or to change the regulations or restrictions thereof.'

"No suggestion was made at any time that there was any error in ordinance 727, which became effective July 28, 1969. Ordinance 727 was passed after public hearings and it must be presumed that the city council was aware of conditions then existing within the limits of the City of Midland. The remaining question is whether or not there have been any changed conditions or changing conditions in the particular area or in the municipality generally which would warrant the amendment of ordinance 727.

"It is the opinion of this court that there were no changed or changing conditions either in the particular area in question or in the municipality generally which warranted the enactment of ordinance 741. It was established by the testimony that the vast majority of all construction in the northwest corner of section 4 since the time of its first annexation to the City of Midland has been for the purposes of single family residences. There has been no change in this area whatever between the effective date of ordinance 727 and the date of ordinance 741.

"Section 35.2 of ordinance 727 sets forth certain standards for rezoning which, presumably, the planning commission and the city council are to take into consideration before rezoning any property. These conditions are as follows:

"(a) *Changes in land use conditions which justify rezoning.*

"This court has already indicated that in its opinion no such changes in land use conditions as would justify this rezoning were present. In fact the changes in land use conditions in this area since it was annexed to the city strongly reinforce the original zoning as being proper. The plaintiffs testified to the effect that the residential zoning in this area in question was a factor which they considered and relied upon in building their homes.

"(b) *Adverse influences on living conditions in the neighborhood.*

"The testimony presented relative to this question, in the opinion of the court, determines that the creation of a shopping center on the rezoned property would have an adverse influence on living conditions in the neighborhood. The extent of such adverse influence may be more pronounced on certain plaintiffs than on others; however, there is no question in the court's mind that the presence of a shopping center would be adverse rather than otherwise on the living conditions in this neighborhood.

"(c) *Adverse effects on property values in the adjacent area.*

"In the opinion of the court the testimony presented establishes the fact that property values in the nearby residential areas not rezoned would be adversely affected by this shopping center. The property actually rezoned for shopping center and office services purposes would, of course, be more valuable than for residential purposes, but this has no bearing on whether or not the area should be rezoned.

"(d) *Deterrents to the improvement or development of adjacent property in accord with existing regulations.*

"The court is of the opinion that the evidence in this case justifies the conclusion that the rezoning of this particular area would in fact be a deterrent to the improvement and development of adjacent property in accordance with existing regulations. The zoning of such a large area, as in this case, will have the effect of deterring further residential development adjacent to it and this in turn will eventually prompt further changes which will further encroach upon the residential area.

"(e) *Grants of special privilege to an individual property owner contrasted to other property owners in the area or the general public.*

"The court does not find that it was the city council's intention to grant any special privileges to the owners of the rezoned property; however, the court notes in this connection that the evidence indicates that there are other areas within the city which are currently zoned for uses which could include the construction of shopping centers.

"(f) *Substantial reasons why the property cannot be used in accordance with its present zoning classifications.*

"The court finds from the evidence in this case that the property involved can be used for residential purposes and that it would have substantial value for such purposes.

"(g) *Direct conflict with the planned use for the area in question as outlined by the comprehensive development plan for the city.*

"As previously pointed out by the court, the master Plan for the City of Midland which was originally enacted in 1945 did not include the property in question. Ordinance 727 made the property in question a part of the master plan. There was evidence in the case which would indicate that after the rezoning of the property by the city council contrary to the recommendation of the planning commission, a proposal was made by the planning commission showing a shopping center in the area in question. The court is of the opinion that the planning commission's recommendation made after the fact was nothing more than a recognition of the fact that the area had already been rezoned and that it was not the considered judgment of the planning commission that such a center was desirable.

"Findings of Law

"It is the opinion of this court that this case is controlled by the recent decision of the Michigan Supreme Court, to-wit: *Raabe v City of Walker,* 383 Mich 165 (1970), decided on March 9, 1970. The Supreme Court cited with approval the case of *Offutt v Board of Zoning Appeals of Baltimore County,* 204 Md 551; 105 A2d 219 (1954). The Court quotes from said opinion at page 178, as follows:

" 'When an application is made for reclassification of a tract of land from one zone to another, there is a presumption that the zones established by the original zoning ordinance were well planned and arranged and were intended to be more or less permanent, subject to change only when there are genuine changes in conditions. Therefore, before a zoning board rezones a property, there should be proof either that there was some mistake in the original zoning or that the character of the neighborhood had changed to such an extent that reclassification ought properly to be made.'

"This court will adopt the following portion of the trial court's opinion in *Raabe v City of Walker,* to-wit:

" 'For the reasons stated above I find that the rezoning is not in the public interest within the meaning of that term as used in rezoning cases, that the requirements of the enabling statute have not been met, and that the proposed rezoning of the area is not a proper exercise of police power.' "

We agree with the findings of the trial judge and his conclusions.

Affirmed. No costs, a public question being involved.

All concurred.