BRUNI v CITY OF FARMINGTON HILLS

Docket No. 78-2066. Submitted June 18, 1979, at Detroit.—Decided February 7, 1980.

Plaintiffs, Floyd and Anna Bruni and Sheldon Rott, are the owners of property in the city of Farmington Hills which is zoned for low-density residential use. They sought a change in classification to allow construction of multiple-family dwellings. The city planning commission passed a resolution that the plaintiffs' land qualified for construction of so-called "cluster" housing and that the plaintiffs were entitled to submit a site plan for such a development. The plaintiffs did not submit a site plan, but brought an action against the city seeking the change in zoning classification. The Oakland Circuit Court, Stephen N. Andrews, J., found that the present zoning was not unreasonable or confiscatory and dismissed the complaint. Plaintiffs appeal. *Held:*

1. The trial court applied the proper test for determining whether the zoning ordinance was unreasonable or confiscatory as applied to plaintiffs' property.

2. The trial court's finding that the zoning classification of plaintiffs' property was not unreasonable or confiscatory was not clearly erroneous.

3. The zoning ordinance, allowing the option of building cluster housing where certain guidelines are met, is constitutional.

4. The availability of the cluster housing option is a legitimate form of a variance.

Affirmed, and remanded with the trial court to retain jurisdiction to give plaintiffs a reasonable time to submit a site plan if they desire to proceed with a cluster development, subject to review by the trial court.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 82 Am Jur 2d, Zoning and Planning § 11 *et seq.*

[2] 82 Am Jur 2d, Zoning and Planning §§ 337, 358.

[3] 82 Am Jur 2d, Zoning and Planning §§ 106, 112.

Planned-unit, cluster, or greenbelt zoning. 43 ALR3d 888.

[4] 82 Am Jur 2d, Zoning and Planning §§ 87, 88, 96, 111.

1. ZONING — CONSTITUTIONAL LAW — STANDARDS.

A plaintiff challenging the constitutional validity of a municipal zoning ordinance, in order to succeed, must show that there is no reasonable governmental interest being advanced by the present zoning classification, or that the ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion from the area in question of other types of legitimate land use.

2. ZONING — CONSTITUTIONAL LAW — DEVELOPMENT OF PROPERTY.

A trial court's finding that a zoning ordinance was neither unreasonable nor confiscatory as applied to a plaintiff's property was not clearly erroneous where expert testimony for the parties disagreed to whether the plaintiff could profitably develop the property as it was presently zoned.

3. ZONING — CONSTITUTIONAL LAW — APPROVAL OF DEVELOPMENT — STANDARDS.

A zoning ordinance which requires approval of the municipal planning commission before implementation of so-called "cluster housing" where such housing is an option under a particular zoning classification is not unconstitutional where definite standards are in existence and where approval will follow if a proposed site plan meets those standards.

4. ZONING — DENSITY OF POPULATION — STATUTES.

Regulation of the density of population is a specific authorized zoning objective for home rule cities (MCL 117.4i; MSA 5.2082).

*George Kratchman,* for plaintiffs.

*Brennan & Bibeau, P.C.* (by *John M. Donohue),* for defendant.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

J. X. THEILER, J. Plaintiffs appeal as of right from the trial court's order dismissing their complaint, which order in effect upheld the zoning classification pertaining to plaintiffs' property.

Plaintiffs' property is zoned RA-1, or low density residential. Under the Farmington Hills zoning

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ordinance, a district zoned RA-1 may be developed for one-family cluster residences. Cluster dwellings enable land owners to build a number of residences close together on that portion of their land that is suited for construction, and thus to avoid the prohibitive costs of developing that portion of their land unsuited for construction. On May 9, 1974, the Farmington Hills Planning Commission passed a resolution finding that plaintiffs' property qualified for the cluster option and that plaintiffs were entitled to submit a site plan for approval from the commission after a public hearing on the matter was held. Plaintiffs never submitted a site plan to the commission.

At trial, plaintiffs argued that RA-1 zoning of their property was unreasonable and confiscatory, because they were unable to profitably develop their land for any use other than high density residential. Plaintiffs sought to have their zoning classification changed to RC-3 which would permit the land to be used for multiple family residences. In its opinion, the trial court found the RA-1 zoning of plaintiffs' property not to be unreasonable or confiscatory, because plaintiffs were unable to prove that the RA-1 zoning classification precluded development of their land in a profitable manner. The opinion noted that the experts who testified had disagreed concerning the profitability of developing plaintiffs' land under the RA-1 zoning requirement.

On appeal, plaintiffs argue that the trial court erred in not using the proper test for determining whether defendant's zoning ordinance was unreasonable or confiscatory as applied to plaintiffs' property. We find this argument to be without merit.

The appropriate standard for determining the

constitutional validity of municipal zoning ordi-
nances has recently been restated in *Ed Zaagman,
Inc v Kentwood,* 406 Mich 137, 153-154; 277 NW2d
475 (1979). The trial court in the present case
expressly stated that same standard in its opinion,
and properly followed it by finding that plaintiffs
had not proved the zoning classification of their
property to be unreasonable or confiscatory.

Plaintiffs secondly contend that the trial court's
finding that defendant's zoning ordinance was not
unreasonable or confiscatory as applied to plain-
tiffs' property was clearly erroneous. We disagree.

The record indicates that the experts presented
on behalf of each party agreed that plaintiffs'
property could not be developed economically for
individual single family homes without the cluster
option being implemented. However, the parties'
experts disagreed as to whether plaintiffs could
profitably develop cluster housing on their prop-
erty. Under these circumstances, we find the trial
court's finding that plaintiffs failed to prove the
RA-1 zoning classification of their property to be
unreasonable or confiscatory not to be clearly
erroneous. See *Moore v Carney,* 84 Mich App 399,
403; 269 NW2d 614 (1978).

Plaintiffs further argue that even if it were
economically feasible for them to build cluster
housing on their property, they can do so only at
the whim and caprice of the Farmington Hills
Planning Commission. Therefore, they argue the
zoning ordinance is unconstitutional and void, be-
cause it is without definite standards.

We find the applicable zoning ordinance to be
constitutional. In order for a cluster option to be
approved, it must first be determined whether or
not the land in question qualifies. In the instant
case, plaintiffs' land has already been determined

as qualifying for the cluster option. Secondly, a site plan for the proposed cluster housing must be presented. A public hearing regarding the plan is to be held, after which the Planning Commission decides whether or not to approve the site plan.

The zoning ordinance in question provides specific and definite guidelines that must be met in order for land to qualify for the cluster option. Since definite standards do exist, the ordinance is not unconstitutional. See *Osius v St Clair Shores,* 344 Mich 693; 75 NW2d 25 (1956). The fact that the Planning Commission must approve a site plan before cluster housing can be implemented does not make the ordinance unconstitutional because approval will follow if the site plan conforms with already established guidelines. The purpose of submitting a site plan before final approval is given is to insure that the specific plan offered does, in fact, conform to the already established guidelines. To require separate guidelines for the approval proceedings would be impossible, because each site plan is different. The proper standards therefore exist prior to the submission of a site plan; in determining whether to approve or disapprove a site plan, the Planning Commission merely applies the particular plan submitted to the established guidelines to ascertain if the plan is in conformity therewith.

Plaintiffs further argue that the provision in the ordinance for cluster dwellings constitutes "spot zoning". Merely calling a result "spot zoning" does not establish the invalidity of an ordinance provision. Defendant admits that the property in question, because of its unique characteristics, qualifies it for the use of the cluster option.

Admittedly, the specific requirements of the ordinance as to RA-1 zones are too stringent for

development of this problem parcel to comply for use as single family dwellings because of problems of topography, relationship to abutting property, road conditions, easements, drainage, soil conditions and other conditions unique to the specific property. Accordingly, the defendant Planning Commission conceded, as does the defendant on appeal, that the property cannot be reasonably developed in accordance with those requirements. Had the trial court ruled otherwise, we would be constrained to differ. However, we do not construe his opinion to be such.

In *Zaagman, supra,* a "problem piece" of property was involved. The Court affirmed the finding of unconstitutionality of the ordinance as it applied to the specific property, but remanded to provide an opportunity for the city to amend its ordinance to make specific provision for a reasonable use of the property.

In effect, the defendant here has already given such specific consideration in providing that this parcel may be used for cluster zoning. This method of use would permit the development of the property in such a manner as to overcome the specific problems present because of the unique character of the land involved. To the extent that this be construed "spot zoning", it is legal and proper, the same as granting variances as provided for in zoning ordinances.

The defendant has determined in its planning and ordinance adopting procedures that the area should be preserved for residential purposes of a low-density type. This is a legitimate consideration and objective. The record reveals that this decision is neither arbitrary nor capricious and we are not convinced, on this record, that we would have reached a different decision than the trial judge

who determined that the property could be reasonably used in accordance therewith.

The provision for cluster housing in an ordinance may be a form of providing a variance, because of unique and distinctive characteristics of the property, yet preserving that which is construed to be the most important aspect of that zone—a low density of occupation. That criterion, more than any other, has the most impact upon the character of the surrounding area. To the extent that other aspects, such as distance of structures from neighboring property, are important, developmental plans can be adjusted to protect those interests.

Even without special hardship demonstrated, cluster housing is becoming recognized in other jurisdictions as a proper zoning technique, under the concept of subdivision control. See 4 Rothkopf, Law of Zoning and Planning (4th ed), pp 71-43 to 71-50. We are cited no reason under Michigan law why such zoning concept cannot be utilized by a local municipality and we do not feel constrained to develop such. One of the specific authorized zoning objectives for home rule cities is to regulate by ordinance "the density of population", MCL 117.4i; MSA 5.2082. For a less truncated expression of state policy see the basis for the plan and purpose of county zoning, MCL 125.203; MSA 5.2961(3).

As applied in this case, the availability of cluster development is a form of variance which eliminates hardship in application of the zoning requirements while preserving the overall objects of the plan. The hardship involved need not be restricted to an area only of lot size, *Beatrice Block Club Ass'n v Facen,* 40 Mich App 372; 198 NW2d 828 (1972).

Such variances, of course, are dependent upon the showing of unique circumstances and may be present as to one lot and not another, even in a very limited area. *O'Keefe v East Grand Rapids Zoning Board of Appeals,* 35 Mich App 583; 192 NW2d 509 (1971).

In the instant case, since plaintiffs have not submitted a site plan, they cannot complain that they have been deprived of the opportunity to build cluster housing on their property. They must exhaust their administrative remedies before taking a position that the cluster option is not available to them.

Plaintiffs contend that they may be subjected to unreasonable and capricious restrictions if they do develop and submit a cluster plan for this problem area. In *Zaagman,* on remand the trial court was required to retain jurisdiction with an appropriate time schedule provided. To forestall any such situation as alleged by plaintiffs from evolving, on remand the trial court is to retain jurisdiction to give plaintiffs a reasonable time to decide if they desire to develop a cluster plan for the property and submit it to the proper agency of the defendant for review, subject to further review by the court, as was provided in *Zaagman* and in *George v Harrison Twp,* 44 Mich App 357; 205 NW2d 254 (1973).

What constitutes such a reasonable period is left to the sound discretion of the trial court.

Affirmed, but remanded with instructions.