CHARTER TOWNSHIP OF HARRISON v CALISI

Docket No. 59401. Submitted June 16, 1982, at Detroit.—Decided
December 7, 1982.

Hugo Calisi and Concetta Calisi, owners of a restaurant and
nightclub facility in the Charter Township of Harrison, Ma-
comb County, applied to the township for approval of a planned
expansion and improvement of their establishment. The town-
ship required submission by the owners of a site plan for
review and approval as a prerequisite to issuance of a building
permit. Following review of the submitted site plan, the town-
ship conditioned its approval on a requirement that the owners
construct a deceleration or by-pass lane at the entrance of their
establishment so that the flow of traffic on the main through-
fare would not be impeded. The planned improvements were
made but the deceleration or by-pass lane was not constructed.
The township brought suit against the defendants in Macomb
Circuit Court seeking a court order compelling the defendants
to construct the by-pass lane. Defendants argued that plaintiff
lacked legal authority to impose a site review requirement or to
require off-site improvements as a condition for granting a
building permit. The court, Robert J. Chrzanowski, J., granted
defendants' motion for summary judgment on the ground that
plaintiff had failed to state a claim upon which relief could be
granted. Plaintiff appeals. *Held:*

1. To the extent that the trial court's order for summary
judgment held that plaintiff had no authority to review defen-
dants' site plan as a condition of approval, it is in error.

2. Plaintiff has no authority to require, as a condition of
approving a building permit, that defendants build an off-site
improvement, in this case a by-pass lane within the street
right-of-way.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 230.
   73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 82 Am Jur 2d, Zoning and Planning § 7.
[3] 82 Am Jur 2d, Zoning and Planning § 240.
[4] 28 Am Jur 2d, Estoppel and Waiver §§ 33, 34. .

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that a plaintiff failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. ZONING — MUNICIPALITIES.

Municipalities have no inherent power of zoning; they can only exercise such powers as are granted under the respective enabling acts.

3. TOWNSHIPS — BUILDING PERMITS — OFF-SITE IMPROVEMENTS.

A township has no authority to condition the granting of a building permit upon off-site roadway improvements by the party seeking the permit.

4. ESTOPPEL — DEFENSES.

Equitable estoppel, or estoppel in pais, is available as protection from a defense raised by a defendant; it is not available to the plaintiff in stating a cause of action.

*Ross & Bruff, P.C.* (by *John B. Bruff*), for plaintiff.

*Emil E. Cardamone,* for defendants.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

V. R. PAYANT, J. Plaintiff appeals from an order granting defendants' motion for summary judgment. This case involves the authority of charter townships to require site plan approval prior to the issuance of a building permit and the right of the township to enforce certain site improvement conditions.

In January, 1977, defendants, owners of a res-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

taurant and nightclub facility on Jefferson Avenue in Harrison Township of Macomb County, applied to the township for approval of a planned expansion and improvement of their establishment. The township required submission by defendants of a site plan for review and approval as a prerequisite to issuance of a building permit.

Several meetings were held by the township planning commission in reviewing the site plan submitted by defendants. The commission conditioned its approval on a requirement that defendants construct a deceleration or by-pass lane at the entrance of their establishment so that cars waiting to turn into the restaurant's parking lot would not stall through traffic. This by-pass lane was not constructed.

In July of 1980, the plaintiff township brought suit in the Macomb County Circuit Court to compel defendants to construct the by-pass lane. Plaintiff claims that the by-pass lane was ordered by the planning commission in accordance with its zoning ordinance, that defendants through their attorney agreed to install the by-pass and that defendants have failed to comply with the condition for issuance of the building permit and with their promise.

Defendants responded to the complaint by denying that plaintiff had legal authority to impose a site review requirement and further denied that the township had authority to require off-site improvements as a condition for granting a building permit.

Defendants moved for summary judgment. Although labeled as a motion under GCR 1963, 117.2(3), defendants state that this was a typographical error and that the motion was made, argued and considered by them as a motion under

GCR 1963, 117.2(1), a failure to state a claim upon which relief can be granted.

An opinion and order was entered by the trial court granting defendants' motion for summary judgment under GCR 1963, 117.2(3). It is from this order that plaintiff appeals.

I

Summary Judgment—Which Subdivision?

It appears clear from the pleadings and argument going to defendants' motion for summary judgment that both parties' attorneys understood that the motion was to the legal sufficiency of the complaint. In its opinion, however, the trial court set forth the standard for review of a motion made under GCR 1963, 117.2(3)—motions based on a lack of genuine issue as to any material fact. *Bob v Holmes,* 78 Mich App 205; 259 NW2d 427 (1977).

In considering the motion, the trial court's opinion notes that the defendants are contending that the township had no legal authority to require site plan review. The court, however, did not appear to address that issue, but found that the condition established in the site plan review was beyond the township's authority. Arguably, the court found that the review authority existed but had been misused.

Questions of misuse of authority may sometimes be amenable to motions for summary judgment under subsection 3, that there is no genuine issue of material fact. Such a motion, however, going to questions of fact, is to be determined on the basis of the pleadings, affidavits, depositions, and other evidence then available. See *Bob v Holmes, supra.*

This does not seem to be the review conducted by the trial court.

Defendants, at least in their motion, do not challenge the reasonableness of the conditions but rather challenge the township's authority to impose such conditions in any case. As long as neither party is misled and since both parties have clearly treated this as a challenge to the legal sufficiency of plaintiff's complaint, we analyze the legal issues raised below to determine whether summary judgment was properly granted for failure to state a cause of action. *Todd v Biglow,* 51 Mich App 346, 349-350; 214 NW2d 733 (1974); *Walker v Cahalan,* 97 Mich App 346, 355; 296 NW2d 18 (1980), *rev'd on other grounds* 411 Mich 857; 306 NW2d 99 (1981), *cert den* 454 US 1032; 102 S Ct 570; 70 L Ed 2d 476 (1981).

## II

This Court recently summarized the standard of review for a grant of summary judgment for failure to state a cause of action in *Allinger v Kell,* 102 Mich App 798, 806-807; 302 NW2d 576 (1981), *modified* 411 Mich 1053; 309 NW2d 547 (1981), as follows:

"In reviewing a grant of summary judgment under GCR 1963, 117.2(1), the motion is tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). Because the motion tests only the legal and not the factual sufficiency of the pleadings, *Grasser v Fleming,* 74 Mich App 338, 342; 253 NW2d 757 (1977), all well-pleaded allegations must be taken as true. *Tash v Houston,* 74 Mich App 566; 254 NW2d 579 (1977), *lv den* 401 Mich 822 (1978). The motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual devel-

opment can possibly justify a right to recover. *Joenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979); *Merit Electric Co v J Boyle, Inc,* 77 Mich App 503; 258 NW2d 539 (1977)."

Considering then the plaintiff's well-pleaded allegations as true, the trial court must deny the motion unless the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

Defendants contend that the portion of the Harrison Township zoning ordinance requiring site plan approval is invalid because it is not authorized by either the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* or the township planning act, MCL 125.321 *et seq.;* MSA 5.2963(101) *et seq.*

Plaintiff concedes that at the time in question neither enabling act mentioned the power of townships to require site plan review. 1978 PA 637, § 1, which became effective March 1, 1979, now specifically grants such authority. See MCL 125.286e; MSA 5.2963(16e).

The issue then is whether the enabling acts which existed in 1977 permitted the township to require site plan approval.

On at least two occasions, this Court has reviewed the refusal of zoning boards to approve site plans being reviewed, tacitly at least assuming that the municipalities had authority to require site plans to be submitted. In both *Hessee Realty, Inc v Ann Arbor,* 61 Mich App 319; 232 NW2d 695 (1975), and *Bruni v Farmington Hills,* 96 Mich App 664; 293 NW2d 609 (1980), the authority was simply presumed. In neither case was the right to review site plans directly attacked. While both cases dealt with city rather than township zoning ordinances, specific reference to site plan approval

was added to the city and village enabling act at the same time as it was added to the township act. See 1978 PA 638, § 1; MCL 125.584d; MSA 5.2934(4).

This Court's assumption that municipalities possessed authority to require site plan approval prior to 1979 was correct. It is true that municipalities have no inherent power of zoning and can only exercise such powers as are granted under the respective enabling acts. *Detroit Osteopathic Hospital v Southfield,* 377 Mich 128; 139 NW2d 728 (1966). Nevertheless, the Township Rural Zoning Act, even prior to its amendments, enabled townships to establish districts and designate permitted, regulated and prohibited uses. MCL 125.271; MSA 5.2963(1). The statute also enabled townships to prescribe specific limitations on the manner in which permitted uses were conducted. The statute further provided that, prior to adopting a zoning ordinance, the zoning board or planning commission was to make recommendations to the township board, including, "[t]he manner of administering and enforcing the zoning ordinance". MCL 125.277; MSA 5.2963(7).

Any fair reading of the enabling acts makes it clear that the zoning commission was empowered to exercise its discretion in granting exceptions, variances, or conditions. It is incomprehensible that the administrative body given such authority would not be able to review a developer's compliance prior to granting approval. Site plan review, as a tool in carrying out the purpose of the zoning ordinances, must be inferred.

While the 1979 amendments clarify the requirements relating to site plan review as well as other zoning matters, the amendments did not create in the initial instance the authority to review site

plans. Such authority existed prior to the enactment of the amendments.

Thus, to the extent that the trial court's order for summary judgment held that plaintiff had no authority to review defendants' site plan as a condition of approval, it is in error.

### III

The issue that ultimately must be decided in this case is whether the condition imposed by the township was a valid exercise of its discretion. In other words, was plaintiff permitted to require, as a condition of approving a building permit, that defendants build an off-site improvement—a by-pass lane within the street right-of-way? By his ruling, the trial judge found that the plaintiff was not permitted to impose such a condition and therefore failed to state a claim for which relief could be granted.

In testing the trial court ruling, we are limited to determining whether the plaintiffs' complaint itself states a claim or claims for which relief can be granted or whether, as a matter of law, such claims are so clearly unenforceable that no factual development can possibly justify a right to recovery. *Koenig v Van Reken, supra.*

The complaint sets forth three theories for the relief sought—the requirement for off-site improvements made a condition of the building permit, a contract based on defendants' promise to build the by-pass, and a claim of estoppel. Each theory is based on the premise that the plaintiff had a right to impose a condition of off-site roadway improvements as a condition for the issuance of the build-

ing permit. Without such a right on the part of the township, its claims collapse.

In *Arrowhead Development Co v Livingston County Road Comm,* 413 Mich 505; 322 NW2d 702 (1982), the Supreme Court dealt with the identical question posed here except that that case involved the attempt by a county road commission to condition its approval of a residential subdivision upon a requirement that the subdivider sustain the costs of improving the adjacent county road. The Court reversed the trial court which had been affirmed by this Court *[Arrowhead Development Co v Livingston County Road Comm,* 92 Mich App 31; 283 NW2d 865 (1979)]. It held that a county road commission does not have the authority to require a subdivision developer to make improvements to a county road located entirely outside the platted subdivision as a condition precedent to plat approval.

Analyzing both the county road law, MCL 224.1 *et seq.;* MSA 9.101 *et seq.,* and the Michigan Subdivision Control Act of 1967, MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.,* the Court found that neither act authorized a road commission to impose a duty of payment for off-site road improvements.

Besides finding no explicit authority within the statutes to impose such an obligation, the Court further held that, considering the acts as a whole and in the light of history and common sense, no such extraordinary power should be implied.

Analyzing the Township Rural Zoning Act and the township planning act and their obvious relationship to the acts considered in *Arrowhead De-*

*velopment Co v Livingston County Road Comm,*
we find no explicit grant to the townships nor to
their zoning or planning commissioners to condi-
tion building permits on off-site improvements.
Neither do we see, considering the acts as a whole
in the light of history and common sense, that
such authority should be implied.

In commenting on the historical perspective of
the requirement that an abutting landowner pay
for off-site road improvements, the Supreme Court
in *Arrowhead Development Co v Livingston
County Road Comm, supra,* pp 519-520 states:

"The commission relies heavily on the argument that
the need to level the obstructing hill on Chilson Road is
caused by the existence of the subdivision and as such
is a 'problem' solely attributable to Arrowhead. Conse-
quently, it is argued, Arrowhead must pay for its elimi-
nation. The same argument can be made, however, to
justify the cost of police and fire protection, traffic
signals, public school facilities, public lighting, road
widening and all other public services made necessary
by the existence of a new residential community. These
are not costs historically imposable upon the subdivi-
sion developer. They are met by taxation and special
assessments to benefited individuals and properties.
Similarly, the regrading of a county road adjacent to a
new subdivision development, in order to safely accom-
modate traffic generated by the new community, is a
public obligation. A legislative intention to impose such
a burden upon a nearby private developer would be a
notable departure from the historic manner of funding
alterations to public property, and we think it would
have made such an intention explicit."

By finding that the plaintiff was without author-
ity to impose the requirements that it attempted,
we necessarily must find that its theories for en-

forcing such requirements must fail. As to plaintiff's estoppel claim, in addition to being based on a faulty premise, we would further note that equitable estoppel or estoppel in pais is available as protection from a defense raised by the defendant. It is not available to the plaintiff in stating a cause of action. *Dickerson v Colgrove,* 100 US 578; 25 L Ed 618 (1880).

Summary judgment is affirmed as to all claims.